```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| LUTHER LOPEZ,<br><br>                              Plaintiff,<br><br>                -against-<br><br>GENESIS FS CARD SERVICES, INC.; THE BANK OF MISSOURI,<br><br>                              Defendants. | 21-CV-1370 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 *et seq*., the Truth in Lending Act, 15 U.S.C. § 1601(a), and state law. By order dated March 17, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Moreover, the exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A frequent *pro se* litigant may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

## BACKGROUND

The complaint sets forth the following allegations. Plaintiff opened a line of credit with Defendants on or about October 28, 2019, which he used frequently to rent cars and for other purposes. (ECF 2 ¶ 4.) On or about September 12, 2020, Plaintiff had an available credit line of approximately $203, but Defendants placed a hold on Plaintiff's account until a $91 payment was made. Plaintiff called customer service and requested immediate access to his account. The person with whom he spoke told Plaintiff that he would get access 48 to 72 hours after payment was made. Plaintiff made the $91 payment, but Defendants "illegally withheld" Plaintiff's account access until September 28, 2020.

According to Plaintiff, Defendants "engaged in a practice of surreptitiously adding or including an annual hidden fee" of $99 per year," "target[ed] high risk individuals, specifically, but not limited to African Americans and other Non-White applicants," and "knowingly, willfully and intentionally misrepresented credit card rates, fees and/or charges, specifically targeting African Americans." He also asserts claims of breach of contract and conversion.

Plaintiff seeks an unspecified amount of money damages, and an order enjoining Defendants from charging hidden fees or "withholding access to" customer funds once payment has been made. Plaintiff asserts that he is a citizen of New Jersey, although his pleading shows a New York address; that the Bank of Missouri is a "foreign corporation that conducts business in New Jersey"; and that FS Genesis Card Services "sells products and services in the flow of interstate commerce." (*Id.* ¶¶ 6-8.)

## DISCUSSION

**A.      Equal Credit Opportunity Act (ECOA)**

The "ECOA provides that it is 'unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction[,] . . . on the basis of race, color, religion, national origin, sex or marital status, or age.'" *Crawford v. Franklin Credit Mgmt. Corp.,* 758 F.3d 473, 489 (2d Cir. 2014) (quoting 15 U.S.C. § 1691(a)). The ECOA imposes liability on any creditor "for any actual damages sustained by such applicant acting either in an individual capacity or as a member of a class." *Id.* § 1691e(a); *see also Germain v. M & T Bank Corp.*, 111 F. Supp.3d 506, 524–27 (S.D.N.Y. 2015).

"[T]he statute provides that '[e]ach applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor.'" *Stoyanovich v. Fine Art Capital LLC*, No. 06-CV-13158 (SHS), 2007 WL 2363656, at *2 (S.D.N.Y. Aug. 17, 2007) (quoting 15 U.S.C. § 1691(d)(2)). "Adverse action" is defined as "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." 15 U.S.C. § 1691(d)(6).

Plaintiff fails to allege facts sufficient to suggest a violation of the ECOA. Although Plaintiff cites to the statute and alleges discrimination, he fails to allege any facts suggesting that Defendants engaged in discriminatory credit practices against him on the basis of race, color,

religion, national origin, sex, marital status, or age. Thus, even if the events giving rise to this complaint satisfy the "adverse action" requirement under the ECOA, the complaint fails to show that Defendants discriminated against Plaintiff on the basis of his race.

**B.      Truth in Lending Act (TILA)**

TILA's overall purpose is to require creditors to divulge meaningful credit terms to customers. *See* 15 U.S.C. § 1601(a); *McAnaney v. Astoria Fin. Corp.*, 357 F. Supp. 2d 578, 583 (E.D.N.Y. 2005). A plaintiff may bring claims under TILA to recover statutory and actual damages from a defendant creditor who fails to make requisite disclosures, such as "finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412, (1998); *see also* 12 C.F.R. § 226.18 (Regulation Z) (setting forth required disclosures); *Cardiello v. The Money Store, Inc.*, No. 00-CV-7332 (NRB), 2001 WL 604007, at *3 (S.D.N.Y. June 1, 2001) (TILA requires "lenders to disclose to consumers certain material terms clearly and conspicuously in writing, in a form that consumers may examine and retain for reference.") (internal quotation marks omitted), *aff'd*, 29 F. App'x 780 (2d Cir. Mar. 15, 2002).

There are insufficient facts in the complaint to state a claim under TILA. Plaintiff alleges that he was unaware of the $99 annual fee, but he does not allege that Defendants either failed to inform him of that fee or that the disclosure of the credit terms was either unclear or inconspicuous. Moreover, TILA has no provisions that govern allegedly racially discriminatory lending, which forms the crux of Plaintiff's claims. *See Powell v. American General Finance, Inc.*, 310 F. Supp.2d 481, 484–85 (N.D.N.Y. 2004).

**C.      Diversity Jurisdiction**

Plaintiff also asserts state law claims of conversion and breach of contract. To establish that the Court has diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that

the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff does not provide facts showing that there is complete diversity of citizenship among the parties, or that his claim satisfies the statutory jurisdictional amount.[1] The complaint therefore fails to show that the Court has diversity jurisdiction over this matter.

## LEAVE TO AMEND AND LITIGATION HISTORY

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Although it is not clear whether the defects in Plaintiff's complaint may be cured with an amendment, the Court grants Plaintiff leave to amend his complaint because Plaintiff proceeds *pro se*.

The Court notes that Plaintiff has filed a number of cases in federal courts. *See, e.g., Lopez v. Egan*, No. 19-CV-600828 (D.N.J. Nov. 28, 2018) (order dismissing complaint filed under 42 U.S.C. §1983 for failure to state a claim on which relief may be granted); *Lopez v. Blink Fitness*, No. 17-CV-6399 (D.N.J. Nov. 28, 2018) (order granting motion to dismiss complaint asserting conversion and breach of contract claims and claims under the Electronic Funds Transfer Act); *Lopez v. Lahren*, No. 17-CV-3341 (CM) (S.D.N.Y. May 18, 2017) (order

---

[1] A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because it is not clear that Plaintiff can assert any federal claims falling within the Court's jurisdiction, it will determine at a later stage whether or not to exercise its supplemental jurisdiction over any state law claims.

dismissing complaint for lack of subject matter jurisdiction); *Lopez v. Reminger Co.*, No. 14-CV-542 (N.D. Ohio Oct. 28, 2014) (order dismissing claims under the Privacy Act and §1983 for failure to state a claim); *Lopez v. Wendy's Int'l., Inc.*, No. 12-CV-1412 (N.D. Ohio Oct. 23, 2012) (order dismissing complaint asserting claims under § 1983 and the Lanham Act). This list is not exhaustive. In light of Plaintiff's litigation history, the Court finds that Plaintiff is or should already be aware of federal pleading requirements. *See Sledge*, 564 F.3d at 109 (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court grants Plaintiff leave to replead his claims. Plaintiff must submit an amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-1370 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the matter will be dismissed for failure to state a claim on which relief may be granted.

SO ORDERED.

Dated:  April 21, 2021
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

_____

**COMPLAINT**

_____

Do you want a jury trial?
☐ Yes    ☐ No

_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
            (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name            Middle Initial        Last Name

_____

Street Address

_____

County, City                    State            Zip Code

_____

Telephone Number                Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____
    First Name                    Last Name

    _____
    Current Job Title (or other identifying information)

    _____
    Current Work Address (or other address where defendant may be served)

    _____
    County, City              State              Zip Code

Defendant 2: _____
    First Name                    Last Name

    _____
    Current Job Title (or other identifying information)

    _____
    Current Work Address (or other address where defendant may be served)

    _____
    County, City              State              Zip Code

Defendant 3: _____
    First Name                    Last Name

    _____
    Current Job Title (or other identifying information)

    _____
    Current Work Address (or other address where defendant may be served)

    _____
    County, City              State              Zip Code

Defendant 4: _____
                      First Name                     Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City            State           Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                                  Plaintiff's Signature

_____
First Name                    Middle Initial          Last Name

_____
Street Address

_____
County, City                                   State                    Zip Code

_____
Telephone Number                               Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7